## JOHN RAPE v. THE STATE.

*No. 775.　Decided June 19.*

1. **Assault and Battery—Information—Name of Injured Party—Idem Sonans.**—In an information for assault and battery, where the name of the injured party was alleged to be "Garzia," and the proof was that his name was "Garcia," *Held*, idem sonans.

2. **Principals—Evidence of Declarations and Acts of Coprincipal.**—Where several parties agree to commit an offense which is a misdemeanor, all the guilty participants are principals, and the acts and declarations of one are the acts and declarations of all, and admissible in evidence against all. Following Houston v. The State, 13 Texas Criminal Appeals, 595.

APPEAL from the County Court of Bee. Tried below before the Hon. FELIX J. HART, County Judge.

This appeal is from a conviction for simple assault, the punishment assessed being a fine of $5.

No statement necessary.

No brief for appellant has come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction of assault and battery, the fine assessed being $5.

Information charges the name of the assaulted party to be "Secundio Garzia." It is contended the evidence shows it to be "Secundio Garcia." The rule of idem sonans here applies, we think, and it is shown beyond question that he was the assaulted party, and also that the Mexican name "Garzia" is by Americans generally called "Garza," and the witnesses did not know whether "z" was pronounced as "c" or not, or vice versa.

Several witnesses were allowed to state to the jury, that on the night of the alleged assault in this case a crowd of some thirty or forty persons ran from a tent in Beeville, Texas, to Fritz Leverman's place of business, and the acts and words of said persons during said time, and at Fritz Leverman's place of business, to all of which defendant ob-

jected. This bill does not state the acts or words of the crowd. We are left to conjecture as to what these acts and words were. If we could supply this deficiency in the bill from the evidence, we might suppose that defendant, with the crowd, pursued the injured party between the points designated, and was the nearest person to him as he entered the place of Leverman. He was a principal in the entire transaction, from its incipiency to its close, under the facts before us.

All the evidence before us was properly admitted. There was an agreement between these parties to run the Mexicans out of town. They chased the Mexicans about the town, and several Mexicans were wounded in the melee. The act of one was the act of all, under the case made by the record. This being a misdemeanor, all guilty participants were principals. Houston v. The State, 13 Texas Crim. App., 595.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.