### DR. F. BEUCHERT V. THE STATE.

*No. 1189.    Decided April 14th, 1897.*

**Local Option—Sale by an Agent—Principal.**

On a trial for violation of local option, where it appeared that one Mc requested defendant to sell him some whiskey, and defendant referred him to his, defendant's, daughter, and Mc. purchased the whiskey from the daughter. Held: Defendant was a principal in the transaction and guilty of making the sale. Following, Houston v. State, 13 Tex. Crim. App., 595.

APPEAL from the County Court of Archer. Tried below before Hon. S. A. DENNY, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $40, and thirty days' imprisonment in the county jail.

The opinion states the case.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law; hence this appeal. The testimony shows that appellant was keeping a house of public entertainment, and that he sold malt tonic; that his daughter waited on his customers. The alleged purchaser, McNeil, testified that he went from Archer City to the town where defendant kept his business, and while there drank some of his malt tonic, and proposed to purchase from defendant some whiskey; that defendant referred him to his daughter, from whom McNeil purchased the whiskey charged in the information. This is the substance of the State's case. The sale of the whiskey to McNeil was denied by the daughter, and the defendant testified that he did not have the conversation with McNeil

with regard to the sale of whiskey, as stated by McNeil. Appellant denied the agency of his daughter in these matters, but the daughter said she was the agent of the defendant for the sale of malt tonic, and other matters connected with the business. If McNeil's testimony be true, the defendant was guilty of violating the law through the sale by the daughter. When he directed McNeil to go to his daughter for the purchase of whiskey, the sale, being consummated by the daughter, made the appellant a principal. See, Houston v. State, 13 Tex. Crim. App., 595. It would be immaterial whether she was his general agent in these matters or not, so far as this case is concerned, because, if the facts stated by McNeil be true, it constituted appellant a principal in this particular transaction, whether his daughter was his agent in any other transaction or not. Hence, the refusal of the court to charge as requested by the defendant was not error. Nor was it error for the court to refuse to charge the jury that the sale of malt tonic is no violation of law, unless the same is shown to be intoxicating. The State did not rely upon the sale of malt tonic, but relied alone upon the sale of the whiskey to McNeil by the daughter of the appellant. The court did not err in refusing to grant a new trial on the ground of the supposed insufficiency of the evidence to support the judgment of conviction. As stated above, if the appellant, when approached by McNeil with the request to sell him some whiskey, referred said McNeil to his daughter, who would wait upon him, and McNeil, in obedience to said directions, approached the daughter, and purchased the whiskey from her, as testified by him, then appellant would be guilty of the sale. See, Houston v. State, 13 Tex. Crim. App., 595; Winnard v. State (Tex. Crim. App.), 30 S. W. Rep., 555; Buchanan v. State (Tex. Crim. App.), 33 S. W. Rep., 339; 1 Bishop's Crim. Law, §§ 656, 658. No errors appearing the judgment is affirmed.

*Affirmed.*