## J. R. SEGARS v. THE STATE.

### No. 829.   Decided May 17, 1899.

**1.  Running a "Blind Tiger"—Information.**

An information for running a "blind tiger" where intoxicating liquors were sold, to be sufficient, must allege the name of the seller and the name of the purchaser, or, if the name of the seller was unknown, that fact should be stated.

**2.  Same.**

A party running a blind tiger is liable for sale of intoxicating liquors made with his knowledge or assent, whether he made the sale or not.

APPEAL from the County Court of Brown.   Tried below before Hon. CHARLES ROGAN, County Judge.

Appeal from a conviction for running a "blind tiger" in a local option territory; penalty, a fine of $200 and 120 days imprisonment in the county jail.

The charging part of the information is copied in the opinion.   Defendant moved to quash the information upon the following, among other grounds, viz.:   "It does not give the name of the party selling or delivering the (liquor), and does not state that the name of such party was unknown."

*Jenkins & McCartney,* for appellant.—The information does not allege who sold or delivered the liquor.   Alexander v. State, 29 Texas, 496; Hoskey v. State, 9 Texas Crim. App., 203; Gaddy v. State, 8 Texas Crim. App., 127; Bush v. Republic, 1 Texas, 458; Burch v. Republic, 1 Texas, 610.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of running a "blind tiger" in a local option territory.   Several objections were urged to the information.   Omitting the formal parts, the information reads as follows:   "Did then and there unlawfully keep and run, and was then and there interested in keeping and running, a 'blind tiger,' in a place where intoxicating liquors were then and there sold, by a device whereby the party selling and delivering the same was then and there concealed from L. P. Baugh, who was then and there buying the same, and to whom the same was then and there delivered, after the

40th Crim. Reps.—37

qualified voters of a subdivision of said county and State, described as follows," etc. We are of opinion this information is fatally defective, in that it fails to allege the name of the seller. In cases of this character it is necessary to allege the name of the seller and the name of the purchaser. If, as a matter of fact, the name of the seller was unknown, that fact should have been stated. If appellant was in fact running and keeping a "blind tiger," and intoxicating liquors were sold therein in violation of the law, it would make him guilty, provided there was a sale, whether he made the sale or not. If he ran the "blind tiger" for the purpose of selling liquor in violation of law, and anybody sold it there with his knowledge, or assent, he would be guilty as a principal, whether present or not when the sale was made. In misdemeanors all parties connected with the offense are principals. Houston v. State, 13 Texas Crim. App., 598. But it will be observed that this information fails to allege either the name of the seller or that it was unknown. For this reason this information is fatally defective. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*