## A. C. KRUEGER v. BRENHAM FURNITURE MANUFACTURING Co.

### Decided March 3, 1905.

**1.—Expert Evidence—Result of Experiment.**

A nonexpert witness may testify to the result of an experiment made in his presence in operating a saw, after the accident, and that, as he saw it operated, it would not, and could not, throw timber in the direction claimed by plaintiff, who had been injured while engaged in running the saw.

**2.—Same—Similar Conditions Shown by Expert.**

Such nonexpert evidence relative to the experiment was admissible after defendant's manager, an expert, had testified that the conditions under which such experiment was conducted by him were practically the same as those existing at the time of the accident.

**3.—Master and Servant—Personal Injury—Incompetency of Fellow Servant.**

Where a servant sued for injuries which were claimed to have resulted from the incompetency of a fellow-servant, the cause of the latter's incompetency was immaterial, and it was therefore not error for the court to refuse to charge that, when defendant placed the fellow-servant, a minor, at work about dangerous machinery, it was its duty to warn him as to the danger of injury to the other servants in case his tasks were not properly and carefully performed. The case is not the same as if the minor himself had been injured for lack of warning

Appeal from the District Court of Washington. Tried below before Hon. Ed. R. Sinks.

*Bowers, Swearingen & Schulz, for appellant.*—1. The testimony of nonexpert witnesses, as to the results of experiments which have been made out of. court, is inadmissible. Lentz v. City of Dallas, 96 Texas, 258; Shelly v. City of Austin, 74 Texas, 608; Locke v. International & G. N. Ry., 60 S. W. Rep., 314; Houston St. Ry. Co. v. Sciacco, 80 Texas, 350; Radam v. Microbe Destroyer Co., 81 Texas, 122; Railway Co. v. Sweeney, 24 S. W. Rep., 947; Underhill on Evidence, sec. 201;. Gillett's Indirect and Collat. Evidence, sec. 66; Railway v. Hepner, 83 Texas, 136.

2. Where the experiment is not shown to have been conducted under substantially the same conditions as existed at the time of the act intended to be illustrated, the testimony of witnesses as to the result of such experiments is inadmissible. Olivares v. Railway Co., 8 Texas Ct. Rep., 977; Byers v. Railway Co., 29 S. W. Rep., 128; Railway v. Mugg, 31 N. E. Rep., 564; Underhill on Evidence, p. 201; Gillett on Evidence, p. 94.

3. The duty of the master to select competent servants and to warn and instruct each of his servants of the dangers incident to his employment, is imposed upon the master not only for the protection of the

servant himself, but also for the protection of the colaborers of that servant. Texas & P. Ry. Co. v. Johnson, 89 Texas, 522; Bonner & Eddy v. Whitcomb, 80 Texas, 183; Brick v. Texas & P. Ry. Co., 83 Texas, 602; Railway v. Preacher, 59 S. W., 593; Railway v. Hannig, 43 S. W. 508; Railway v. Farmer, 11 S. W. Rep., 156; White v. San Antonio W. Wks. Co., 29 S. W. Rep., 252; Missouri, K. & T. Ry. v. Evans, 41 S. W. Rep., 90; Gulf, C. & S. F. Ry. v. Jones, 76 Texas, 351; Beach on Cont. Neg., sec. 127, 128.

*Mathis & Pace,* for appellee.—1. Nonexperts giving the facts upon which their opinions are based may testify to such opinions. Gonzales College v. McHugh, 21 Texas, 265; Jarrard v. Missouri P. Ry. Co., 65 Texas, 560; Gulf, C. & S. F. v. Daniels, 1 Texas Civ. App., 701; Galveston, etc., Ry. Co. v. Daniels, 9 Texas Civ. App., 257; Ft. Worth & D. C. Ry. Co. v. Wilson, 3 Texas Civ. App., 586; San Antonio & A. P. Ry. Co. v. Parr, 26 S. W. Rep., 862; Texas Cent. Ry. Co. v. Lyons, 34 S. W. Rep., 363; Gulf, C. & S. F. Ry. Co. v. Johns, 9 Texas Civ. App., 345; International & G. N. Ry. Co. v. Klaus, 64 Texas, 293.

2. Where an experiment for the establishment of a principle is shown to have been conducted under substantially the same conditions as existed at the time of the act intended to be illustrated, the testimony of witnesses as to the result is admissible. Leonard v. Southern Pacific Ry. Co., 15 L. R. A., 222; Chicago, St. Louis & P. Ry. Co. v. Champion, 23 L. R. A., 861; C. C. & D. Ry. Co. v. Stockwell, 43 Iowa, 470, 15 L. R. A., 222; Bois v. Chesapeake & Ohio Ry. Co., 13 Amer. & Eng. Ry. Cases, 617.

GILL, ASSOCIATE JUSTICE.—This suit was instituted by appellant to recover of appellee damages for personal injuries alleged to have resulted from the incompetence of a fellow workman negligently employed and kept in service by appellee. Defendant's pleas in bar were the general denial, contributory negligence, assumed risk, and that the fellow workman of plaintiff was a fellow servant for whose negligence defendant was not liable. A trial by jury resulted in a verdict and judgment for defendant, from which the plaintiff has appealed.

The defendant was a company engaged in the manufacture of furniture and for that purpose used, among other things, a circular saw propelled by a band connected with the power which operated its other machinery. This saw was set in a stationary table and extended four or five inches above the top of the table through a slit in the table. The saw was used for sawing or "ripping" boards into narrow pieces for use in the manufacture of furniture. On the 11th day of December, 1903, plaintiff was employed to operate this saw, and entered at once upon the discharge of his duties. It was his duty to place upon the table the piece of timber intended to be sawed and push it slowly against the saw, which was revolving in his direction. Philip Brooks, a negro boy about thirteen years old, was directed by his employers to act as "tailer" for plaintiff. It is the duty of the "tailer" to stand on the opposite side of the saw from plaintiff and take the sawed pieces from the table and place them to one side. There was evidence tending to show that it was also his duty to place his hand on the plank as it

passed by the saw and steady it and hold it down as it was being sawed, and that this was necessary to the safe operation of the saw, as otherwise the saw teeth, as they came up on the opposite side from plaintiff, would catch the edges of the planks being sawed and throw them up, thus endangering the plaintiff.

Other evidence tended to show that the saw could be safely operated by one man. That if care was exercised no such accident could happen, and that the duty of "tailer" required no skill and consisted simply in taking the timber from the table after it passed the saw and putting it to one side out of the way.

On the day when plaintiff entered upon the discharge of his duties he began sawing or "ripping" boards three or four feet in length and about six inches in width and two inches thick. Brooks was at the opposite end of the table, taking the pieces away as they were sawed. He had also been placing his hands upon the boards as they passed the saw and when the saw was nearly through the plank. Plaintiff started a board through the saw, gently pushing it with his hand, and when the saw had passed through the bottom and lacked three or four inches of finishing the top side of the board, Brooks removed his hand from the other end of the board, the saw threw the board out of place and plaintiff's hand fell against the saw, causing the loss of his thumb and two fingers. The evidence is conflicting as to whether the accident occurred the instant Brooks removed his hand or a moment later. Brooks had been engaged in odd tasks about the factory for about six weeks and was confined to no particular task. He had not been instructed as to the dangers of operating this particular saw, and had not been told it was a part of his duty to keep his hand on the boards as they passed through the saw, or that it would be dangerous to his fellow workman to fail to do so. The company seems to have proceeded upon the theory that it required no special knowledge to perform the duties of a "tailer," and that his duties bore no relation to the safety of the plaintiff. The plaintiff had no previous acquaintance with Brooks and did not know whether he was competent or not. There was evidence tending to show that plaintiff was justified in proceeding on the assumption that Brooks was competent.

The court in his main charge submitted the issues presented by the evidence adduced by plaintiff, and also submitted the defenses interposed by the company. The trial resulted as stated.

Plaintiff complains of the admission of the testimony of W. A. Wood and from other witnesses, all of whom were permitted to testify, over objection of plaintiff, that they were present subsequent to the accident at a time when one H. Wolle, the general manager of the factory, was operating this same saw. That he operated it alone without the assistance of a "tailer," and that whenever the saw caught in the timber on the opposite side from the operator it threw the timber in the direction of the operator, and not in the way claimed by plaintiff. That from what they saw it was demonstrated that the timber would not be thrown otherwise than as they saw it.

The grounds of objection to this testimony were: First, that the witnesses were not shown to be experts; second, because the evidence was irrelevant; third, because the proper predicate was not laid for it by

proof that the experiment was conducted under the same conditions that existed at the time of the accident.

It is true these witnesses were not experts, but it seems to us there are obvious answers to the first ground of objection. The first is that the witnesses were not testifying as experts, but merely described what they saw happen while Wolle, who was an expert, operated the machine, they having been invited to witness the experiment. It is clear that the matter testified about does not come within the rule that a witness will not be heard to give his opinion on matters about which the jury were as well qualified to judge. It was really a matter about which the aggregate impression could be heard from the witness because of the impossibility of the witness giving in detail the minutiae upon which his conclusion was based. They simply saw the machine in operation under circumstances as at the time of the accident, and were permitted to say in substance that, as they saw it operated, it would not and could not throw the timber in the direction claimed by plaintiff. They were testifying from knowledge, and not giving an expert opinion. It is plain that had they seen the saw in operation prior to the accident and had learned that it would throw the timbers only in a certain direction, they might have so testified; and it is immaterial that they gained their knowledge by witnessing the operation of the machine subsequent to the accident.

Wolle had testified, qualifying as an expert, and had shown that the conditions under which the experiment was conducted were practically the same as those existing at the time of the accident. The only difference was that the saw was slightly rusted and the teeth of the saw had been filed down. He also testified that the timber could not have been thrown as plaintiff claimed. The cases cited by appellant state the rule correctly—that the opinions of nonexperts will not ordinarily be heard —but we think the evidence admitted was not obnoxious to the rule. The evidence was certainly relevant as tending to disprove plaintiff's theory that the removal of Brooks' hand from the timber caused the accident. The third objection has been disposed of by what has been said above.

The second proposition under this assignment is a contention that a nonexpert can not be heard to detail the results of experiments made out of court; and Graney v. Railway Co., 38 S. W. Rep., 909, is cited as supporting the proposition. The case is not in point, as neither the conditions nor the object testified about were the same as those involved in the trial. The testimony was not excluded on the ground that the witnesses were not experts, but on the ground last stated above. We are of opinion the proposition is not sound.

The plaintiff requested a special charge to the effect that when defendant placed Brooks, a minor, at work about dangerous machinery, it was its duty to warn him not only of the dangers and how to avoid them, but to instruct him also as to the dangers to his fellow workmen in case his tasks were not properly and carefully performed. The refusal of this charge is complained of. While it may have embodied a sound proposition of law, we are of opinion it was not error to refuse to give it. If plaintiff was injured by the incompetence of Brooks, it

was immaterial to plaintiff's right to recover whether the incompetence of Brooks grew out of his youth and inexperience or another cause. It was enough to show that he was incompetent and that the company knew or ought to have known it. This issue was well submitted in the main charge, and we do not think the facts are such as to require the court, as matter of law, to charge that if Brooks was a minor and the company failed to warn and instruct him, liability would follow as an inevitable consequence in case his incompetence caused injury to another. It is also true that if Brooks was in fact incompetent, the company could not protect itself against this suit by mere warning and instruction, if these warnings and instructions did not in fact cure the incompetence, and the company knew or ought to have known that it had not. The question is not the same as if the minor himself had been injured for lack of such warning. The case seems to have been well tried, and we do not believe the charge complained of was necessary to plaintiff's rights upon any issue presented by the facts.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*