### Sam McGovern v. The State.

#### No. 3157. Decided December 6, 1905.

**1.—Local Option—Social Club—Subterfuge—Accomplice—Principal.**

On trial for local option where the defense interposed the charter of a social club which the evidence showed to be a mere subterfuge, and that the defendant did not personally make the sale but showed his complicity therein and that he directed another to make the sale, he was properly convicted as a principal for a violation of the local option law.

**2.—Same—Principals.**

All parties in misdemeanors; whether accomplice or not, are principals.

**3.—Same—Notice of Publication—Orders of Commissioners Court—Certificate.**
Where on trial for violation of the local option law the evidence showed that there was no order or decree in the minutes of the commissioners court showing that five notices of the local option election to be held in the precincts where the offense is alleged had ever been issued or posted as required by law, and there was no certificate from the county judge that the local option law had been properly published, the said law was not in legal effect, and the conviction must be set aside.

Appeal from the County Court of Hardin. Tried below before Hon. D. F. Singleton.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*Teagle & Conley* and *J. L. Little,* for appellant.—On question of notice: Ex parte Kramer, 19 Texas Crim. App., 123; art. 3387, Sayles Civil Statutes.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment fixed at a fine of $50 and twenty days confinement in the county jail.

The evidence shows that appellant and others secured a charter for what they term, "Silsbee Social Society," for the purpose of the promotion of its members in music, literature and art; but no music was played; no literature was found, and no art exhibited in appellant's place of business. The charter appears to have been a bare subterfuge in order to run a saloon in violation of the local option law. According to witness Munson's testimony, he was employed by appellant to sell whisky and other intoxicants in said saloon, appellant being absent most of the time. The indictment charges that in said justice precinct number 5 of Hardin County, appellant sold one bottle of whisky to G. W. Purvis. The evidence fails to show that appellant personally made the sale, but the prosecuting witness Munson (who makes the affidavit against appellant) made the sale, and appellant had no direct knowledge or consent to said sale, except the inferential knowledge growing out of the statement made by Munson that appellant hired him to sell to all parties. This, we take it, would be sufficient evidence to show appellant's complicity in the sale. All parties in misdemeanor case, whether accomplice or not, being principals, the indictment very properly alleged that appellant made the sale, for according to the evidence he directed Munson to do so.

However, another question is raised which requires a reversal. The local option election was held in justice precinct number 5 of Hardin County. The clerk swears there is no entry, order or decree in the minutes of the commissioners court showing that five notices of the local option election to be held in precinct number 5 had ever been

issued or posted as required by law; that said five notices were issued and delivered to the sheriff by witness, but he could not say whether the same had ever been posted or not; that the petition of the citizens for the election held in precinct number 5 was never recorded in full or in part, nor was the description in such petition of the subdivision to be voted upon recorded in full or in part in the minutes of the commissioners court. It is not necessary that the petition shall be recorded in full or in part. The commissioners court could order the election of its own motion. But we have heretofore held that unless the county judge makes a certificate as authorized by law to the effect that the local option law has been properly published, then it becomes necessary for the State to prove each and every initiatory step requisite to the adoption of the local option law. One of these requisite steps is the posting of the five notices, for twelve days before the election. We have passed on this question in various decisions, and they are referred to here for a further discussion. Unless such certificate is made as stated, the State must prove each and every step necessary to be had before the adoption of the local option law. There being no such certificate here, and the record failing to show that the five notices were posted for the requisite twelve days, this judgment must be reversed. It will be seen from the decisions of this court that the county judge can make this certificate at any time, and thereby place the burden upon defendant to prove in each instance that all the requisite steps were not complied with.

Because the record fails to show that the notices were posted according to law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*