## BAT HAWKINS v. THE STATE.

### No. 3853. Decided February 20, 1907.

**1.—Local Option—Charge of Court—Facts Constituting Sale.**

Where upon trial for a violation of the local option law the evidence showed that the defendant first concluded to contribute to paying out certain whisky at the express office, and then decided not to do so, and then took a dollar from one of the other parties, got the whisky and delivered it, the court correctly charged that if the defendant assisted in such sale to find him guilty.

**2.—Same—Misdemeanor—Principal—Accomplice.**

Where upon trial for a violation of the local option law the evidence showed that the defendant assisted others in selling the whisky, he was either a principal or an accomplice and could be prosecuted and convicted as a principal.

Appeal from the County Court of Wilbarger. Tried below before the Hon. J. A. Nabers.

Appeal from a conviction for a violation of the local option law; penalty, a fine of. $25 and twenty days confinement in the county jail. ° The opinion states the case. ·

*Cook & Cook,* for appellant.—Burrell v. State, 65 S. W. Rep., 914; Burnett v. State, 62 S. W. Rep., 1063.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25, and twenty days confinement in the county jail. Among other charges, the court gave the following: "Should you find from the evidence that parties other than defendant were owners of the quart of whisky testified about at the time it was delivered to the witness, Monta Pebley, and you find from the evidence that such other parties made a sale of said whisky to said Monta Pebley, and you further find that said defendant aided and assisted and was present at the making of said sale, if any you find was made, then if you so find, you will find defendant guilty and assess his punishment," etc. Appellant objects to this charge on the ground that the facts did not warrant the court in giving same. Bat Hawkins, the appellant, testified as follows: "Prosecuting witness Monta Pebley, was playing dominoes with some parties in a pool-room. Charlie Trent came to me and said they had a package of whisky in the express office with $4 C. O. D. charges against it, and asked me to go in $1 and take a quart of it. We had some .talk about it and I finally agreed to take a quart and gave him a dollar to pay for it and we all went down to the music hall where Ernest Newman was." The whisky, it seems, was shipped to Ernest C. O. D. by express. When he got down there Ernest said the express office had not opened so he could take that whisky out. "I concluded not to get the whisky although I had given my dollar for same, and Monta Pebley spoke up and said he would take a quart of it for medicine or would like to get a quart or something to that effect, and I replied to Pebley that I didn't want any whisky, and he could take the quart I was to get. Pebley said all right, he would take it. I told him it would cost one dollar, and he gave me a dollar and said all right, get it, and I subsequently went to the express office and got the whisky and brought it back and delivered it to Pebley." This is the substance of appellant's testimony. This evidence clearly authorizes the charge of the court. If Newman had delivered the whisky under the circumstances to appellant, under the authorities of this court Newman would have been guilty of a sale to appellant. Then. when appellant decided not to take the whisky he thereupon became guilty by assisting Newman in selling the whisky to Pebley, and whether he was a principal or accomplice he could be prosecuted under a misdemeanor case as a principal and convicted as was done in this

case either as a principal or an accomplice. The evidence for the State, however, clearly shows appellant to be a principal. His testimony makes him an accomplice. The court charges on both phases of the law. The evidence authorizes a verdict of conviction under either theory. The judgment is affirmed.

*Affirmed.*