## TOM HOLLAND v. THE STATE.

### No. 3693.    Decided March 6, 1907.

**Local Option—Other Offenses—System.**

Upon trial for a violation of the local option law, testimony as to other offenses of the same kind as the one on trial, as to the manner in which the whisky was obtained from defendant, where the sale was not direct and positive, was admissible to show system.

Appeal from the County Court of Hunt.    Tried below before the Hon. F. M. Newton.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*Crawford & Lamar and Yates & Carpenter,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—Roach v. State, 11 Texas Ct. Rep., 985; Fitze v. State, 85 S. W. Rep., 1156.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law.  Lamar Lee testified that he went to appellant's place of business where he sells intoxicants upon prescription and told him that he desired a quart of whisky.  Appellant refused to let him have it.  The prescription house was in a portion of the hotel building, with an office in front and a partition extending east and west across the building back of the office, which partition had double doors in the center.  Appellant was standing at the stove in the office talking to some parties.  Appellant declined to let him have the whisky without a prescription.  The witness stayed around three or four minutes and then went through the double doors, turned to the right, went up to a case containing bottles of whisky and took therefrom a quart of whisky, and left $1.50 in money, and went out of the building.  It was shown that standing where appellant was he could not see into the house where the witness got the whisky. Elliott and Brooks were permitted to testify to obtaining whisky of appellant in March on two several occasions, passing by appellant in the office and going into the next room and getting the whisky and leaving the money, and on one occasion when Elliott got whisky, defendant was busy and pointed toward the whisky and told the witness to leave the money there.  This was admitted to prove appellant's system in selling intoxicants.  Objection was urged to the introduction of this testimony.  Under the authority of Hollar v. State, 7 Texas Ct. Rep., 552; Walker v. State, 8 Texas Ct. Rep., 1005, and Pitner v. State, 39 S. W. Rep., 662, this testimony was admissible upon the theory of showing system on the part of appellant.

This record also raises the question of the insufficiency of the publication of the result of the election in the newspaper. The question is presented in this record as it is in Holland v. State, cause No. 3700, this day decided, and upon the authority of that case we believe that the evidence is sufficiently strong to show in the absence of contradictory proof that the paper was designated by the county judge.

The judgment is affirmed.

*Affirmed.*