## W. B. ROBERTS v. THE STATE.

### No. 3695. Decided January 15, 1908.

**1.—Local Option—Evidence—Declaration of Third Parties.**

Upon trial for a violation of the local option law, it was error to admit testimony with reference to a conversation between a prosecuting attorney and the defendant while the latter was under arrest in another case, in which the prosecuting attorney told defendant that if he shipped certain whisky to another party for the purpose of having that party sell it, the defendant would be guilty of a violation of the law, and to which statement, defendant made no reply; this was simply the opinion of the prosecuting attorney and reversible error.

**2.—Same—Charge of Court—Agency—Presence of Defendant.**

Where upon trial for a violation of the local option law the evidence showed that defendant sold the intoxicating liquor through another, there was no error in the charge of the court; that if defendant caused to be sold through another as his agent, intoxicating liquor, etc., he would be guilty; and this, although defendant may have been absent at the time of the sale.

**3.—Same—Principals—Misdemeanor—Allegation—Proof.**

Where in a prosecution for a violation of the local option law the indictment alleged a sale by defendant, and the evidence showed a sale through another, the conviction was sustained, as in misdmeanor cases, all participants in the offense are principals.

Appeal from the County Court of Wood. Tried below before the Hon. J. O. Rouse.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The following statement by the Assistant Attorney-General is substantially correct: The facts show that appellant lived at the town of Winnsboro and that he had a business in the town of Elberta, some ten miles distant. The proof further shows that he had taken out United States revenue license for the sale of intoxicating liquors by retail; that he had employed one Biddy to attend to the business for him; that he kept on hand a stock of whisky and that the said Biddy was employed to vend his goods. Now then, the State's witness, Thomas, went to said town of El Berta and bought whisky from Biddy, who was carrying on the business for the appellant; that the house was fixed up with a bar and fixtures, and there was exhibited on the walls United States revenue license issued to appellant.

*Mounts & Jones* and *Wiley Jones,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $100 and sixty days confinement in the county jail.

Bills of exception Nos. 12, 13 and 14 show the following: The State's witness, G. M. Houston, testified that the defendant, W. B. Roberts, while under arrest in another case, was brought up to witness' office by the deputy sheriff. "The private prosecutor, M. D. Carlock, was present when Roberts was in my office. Mr. Roberts was sworn to testify about violations of law. After he was sworn, Mr. Carlock told him that any statement that he made could be used against him and not for him. Mr. Carlock then asked Mr. Roberts about some whisky which he then had in the depot at the town of Winnsboro, and he asked defendant what he was going to do with the whisky, and Roberts said that he was going to send it to Joe Biddy at Elberta. Mr. Carlock then told him that he must not send the whisky to Joe Biddy at Elberta; if he did so he would be prosecuted. The defendant then stated that he guessed he would send the whisky back to the man he had

got it from. Mr. Carlock then told the defendant that it would be a violation of the law for him to either sell this whisky or ship it to Joe Biddy for the purpose of having Joe Biddy sell it. The defendant did not say anything in answer to this statement. Mr. Carlock told him that under the law he, Roberts himself, would be guilty and could be prosecuted for every sale made by Joe Biddy. He also told the defendant that he would be prosecuted for every sale that Joe Biddy made, and that he, defendant, was just as guilty as Joe Biddy. Defendant did not say anything." The witness was permitted to tell all of the above conversation in the presence and hearing of the jury. This evidence was clearly inadmissible. If the defendant, after being duly warned, made a statement, criminative, it would be admissible, but the opinion of the prosecuting attorney could not be introduced against him. Appellant received the maximum penalty in this case, and the evidence was clearly inadmissible and highly prejudicial.

Upon the trial of this case the court, in substance, told the jury that if appellant unlawfully sold, or caused to be sold through another as his agent, intoxicating liquor to R. C. Thomas, he would be guilty of violating the local option law. Appellant insists that a charge to this effect is erroneous. We have held that a charge along this line is permissible. Evidence that a sale of liquor was made in a local option territory, and that the party making the sale was employed by defendant to sell the liquor and other intoxicants in the place of business, defendant being absent most of the time, and absent at the time of the sale in question, is sufficient to sustain the conviction. All guilty participants being principals in misdemeanor cases, the indictment properly alleged a sale by defendant. For a discussion of this question see McGovern v. State, 49 Texas Crim. Rep., 35; 14 Texas Ct. Rep., 369.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*