## Tom Lott v. The State.

### No. 270. Decided April 6, 1910.

**1.—Local Option—Statement of Facts—Certiorari.**

Where, upon appeal from a conviction of a violation of the local option law, the case was affirmed for the want of a statement of facts, and it appearing upon motion for rehearing that a statement of facts was filed in the case in due time, but left out of the record inadvertently, a writ of certiorari was granted to correct the record and the affirmance set aside.

**2.—Same—Charge of Court—Principals—Misdemeanor.**

In misdemeanor cases the distinction between principals and accomplices, made in felony cases, does not apply; and where the court instructed the jury, upon trial of a violation of the local option law, that it was not necessary for the defendant to have been bodily present when the offense was committed, there was no error. Following Houston v. State, 13 Texas Crim. App., 595.

**3.—Same—Evidence—Arrest—Confessions—Bill of Exceptions.**

Where, upon appeal from a violation of the local option law, it did not appear that defendant was under arrest when he made certain declarations to the county attorney, and the objection to the testimony was that the declarations were not a voluntary confession, the same could not be considered.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Odell & Johnson,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

We find no statement of facts in the record. In the absence of same the bills of exceptions do not present any matter authorizing a reversal of the case. The charge of the court is correct, and finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### January 12, 1910.

RAMSEY, JUDGE.—When this case was submitted and the opinion rendered there was no statement of facts contained in the record. On motion for rehearing it is made to appear that in truth a statement of facts was filed in the case in due time, but by oversight not included in the record. With the motion for rehearing is filed appellant's motion for certiorari to the clerk below praying that the record be corrected, and that the statement of facts be certified to this court as part of the record herein. Both motions will be granted. The motion for rehearing is hereby granted, the judgment of affirmance set aside, and the clerk is directed to issue certiorari as prayed for, and on due return thereof the case will be heard and determined on the complete record.

McCord, Judge, not sitting.

#### April 6, 1910.

RAMSEY, JUDGE.—At a former day of this term the judgment in this case was affirmed. We then stated that the record contained no statement of facts. Motion for rehearing was made and in connection therewith an application for writ of certiorari. The motion for rehearing was granted on January 12, 1910, and a writ of certiorari awarded. Responsive to this writ the clerk of the County Court of Johnson County has sent up a statement of facts in the case which had been timely prepared and duly approved by the trial court. The facts in the case are in dispute. According to the testimony of the State, one Franks, who had some time prior to July, 1909, been engaged in the malt liquor business granted to appellant permission to

use his liquor dealer's license. Appellant was a barber working for one Herd, on South Main Street, in Cleburne. According to the testimony of Franks appellant opened up a business in the same building in which the barber shop was located and through his, witness, agency hired a negro named Smith and for some little time was pretty generally selling beer. It was shown that about the time named, to wit: the second day of July, 1907, through Smith, there was sold to one Arnold certain intoxicating liquors. The testimony of the State is to the effect in substance that appellant engaged a carpenter to fix the necessary equipment, partition off a room and put his house in order for the business. It was also shown, over objection by appellant, that he admitted to the county attorney, among other things, that he had furnished the money to Franks with which to put up the beer joint and open up the place of business; that he made no denial that he was interested in the business but said he would quit it. Appellant denied any connection with the business or any complicity in the offense charged and claimed that the same was under the control of Franks.

1. There are a number of questions raised on the appeal, but the only two which we deem it necessary to notice is the charge of the court on the subject of principals and the ruling of the court in admitting certain statements of appellant. On the subject of principals the court charged the jury as follows: "All persons are principals who are guilty of acting together in the commission of an offense. When an offense has been actually committed by one or more persons the true criterion for determining who are principals is, did the parties act together in the commission of the offense; was the act done in pursuance of a common intent and in pursuance of a previously formed design in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually, bodily present on the ground when the offense was actually committed or not." This charge of the court was excepted to at the time and the following special charge was requested: "You are instructed that all persons are principals who are guilty of acting together in the commission of an offense. And any person who advises or agrees to the commission of an offense, and who is actually present at the time and place when said offense is committed, knowing that the same is being committed, is a principal whether he aids or not in the illegal act. But before you can convict a person of an offense who was not actually present at the commission thereof you must not only find from the evidence beyond a reasonable doubt that he advised or agreed to the commission of the offense, but in addition thereto that he was, at the very time the offense was being committed, doing some act in furtherance of said commission and in aid of the party committing the offense. Therefore, although you may believe from the evidence

that the defendant advised or agreed to the commission of the offense alleged in the information herein, yet unless you further find from the evidence beyond a reasonable doubt that he was actually present at the time and knew the liquor was being sold to the witness Arnold, or if he was not actually present, that he was at the time said sale was being made doing some act in furtherance of said sale and in aid of the witness Bud Smith in making said sale, you will acquit him, or if you have a reasonable doubt upon this issue you will acquit him and so say by your verdict." It is doubtful whether it was essential under the law for the court to give a charge on the subject of principals at all. If, however, it should be held that this was required, the charge of the court was sufficient. In a felony case the charge of the court might have been subject to exception, but in a misdemeanor case the distinction between principals and accomplices does not apply. The distinction in the two classes of cases is thus well stated in the case of Houston v. State, 13 Texas Crim. App., 595: "In felonies, to be a principal at common law, the party must not only be present, but be the actual perpetrator of the crime. Under our code he must be present or keeping watch; or, if not actually present, he must act together with those actually engaged in the commission of the offense. In misdemeanors this distinction does not obtain, but if he advised others, or acts through an agent, whether present or not, or whether acting with those actually engaged in the commission of the offense or not, he is a principal, and can be prosecuted and convicted as such. But he must procure his agent, or advise others to do or not to do the acts which constitute the offense, or which may reasonably result in the commission of an offense."

2. As stated, on the trial the county attorney was introduced by the State, whose testimony was distinctly adverse to appellant and who testified to statements made by him that were important and such as undoubtedly contributed to appellant's conviction. This testimony so produced through the county attorney was to this effect, as stated in the bill of exceptions: "He had a conversation with the defendant in the county attorney's office in Johnson County, Texas, and in the District Court room, in the courthouse in said county. That defendant had been summoned before a court of inquiry and had been sworn and that the defendant upon oath stated to said witness, the county attorney of Johnson County, that he, defendant, furnished China Franks with the money with which Franks began the beer business in the rear of said restaurant, and that defendant would stop said business and would take down the partitions in the rear of said barber shop and restaurant. That the defendant first denied any connection with said beer business, but afterwards took the witness into the District Court room and there made the statement to the witness as above set out." This testimony was objected to on the following ground: "That said evidence disclosed that the statement or confession of the defendant, as testified to by said witness, was simply an oral state-

ment and was not reduced to writing, and was not made by the defendant voluntarily after warning properly given and then reduced to writing and signed by the defendant as is required by the law of this State; and defendant's counsel moved the court and requested the court to withdraw the said testimony from the jury and to instruct them not to consider same for the reasons and objections above made by the defendant." We gather from the bill of exceptions that this testimony was intended to be objected to on the ground that at the time these statements were made appellant was under arrest. This, however, is the merest inference, since the fact of appellant's arrest is not stated either as a ground of objection nor certified by the court as being true in fact. In this state of the record it is clear that there is no merit in appellant's objection.

The other matters are not deemed of sufficient importance to require discussion. Finding no error in the record, the judgment of conviction is affirmed.

*Affirmed.*

McCord, Judge, not sitting.