## W. N. NORWOOD v. THE STATE.

### No. 2488.   Decided June 4, 1913.

**1.—Unlawfully Practicing Medicine—Variance.**

Where, upon trial of unlawfully practicing medicine, the information alleged that the defendant treated a certain human being for consumption, and the proof did not show that the disease he treated was consumption, the variance was fatal.

**2.—Same—Agent—Corporation—Principal and Accomplice—Misdemeanor.**

There is no distinction between principals and accomplices in misdemeanors, and if defendant comes either within the definition of an accomplice or principal, he is a principal in a misdemeanor case, and the contention of defendant that he was the mere agent of the corporation who treated patients and received pay therefor was untenable, and, if he personally violated the law, he was guilty. Following Houston v. State, 13 Texas Crim. App., 595, and other cases.

Appeal from the County Court of Bexar. Tried below before the Hon. J. R. Davis.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $200 and one day confinement in the county jail.

The opinion states the case.

*J. R. Norton,* for appellant.—On question of variance: Vails v. State, 59 Texas Crim. Rep., 340, 128 S. W. Rep., 1117; Welch v. State, 57 Texas Crim. Rep., 111, 122 S. W. Rep., 880; Jones v. State, 139 S. W. Rep., 1126; Milling v. State, 150 S. W. Rep., 434; Clanton v. State, 148, S. W. Rep., 1095; Snodgrass v. State, 150 S. W. Rep., 162.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted for unlawfully practicing medicine. The complaint and information, among other things, alleges that the appellant did practice medicine upon a human being in Bexar County, without authority of law in that he did then and there unlawfully treat a disease or disorder, towit: did treat one Vinnie Spangler, a human being, for consumption, diagnosing her case and prescribing some gas treatment therefor, with the other proper allegations.

The proof showed that when said Vinnie Spangler applied to appellant for treatment she told him, upon his inquiry, "that I had asthma and choking up sensation at night." On cross-examination she testified: "The defendant never diagnosed my case as consumption. . . . I told the defendant I had asthma, or a choking up sensation at night, and he said he could cure it."

Appellant himself testified on this subject: "I never diagnosed her case as consumption." And again, "I did not diagnose Maud Richardson's case." This latter name being the name Miss Spangler assumed when she introduced herself to appellant. That is all the testimony on the subject.

The court, at the instance of the county attorney, in submitting it to the jury for a finding, charged them, if you find that the defendant, on or about October 2, 1912, treated Vinnie Spangler for a disease or disorder, with the other requisites, to find him guilty.

The point was made in the lower court and in this that there was a fatal variance between the allegations and the proof in that the allegations charged on this point, as above stated, and that the proof did not -establish or tend to establish that Vinnie Spangler had consumption or was treated for consumption. In our opinion appellant's contention is correct and must result in the reversal of the case.

The appellant's main contention in the court below was, in effect, that while numerous patients were treated in the hospital of which he had charge, that it belonged to a corporation and he was the mere manager, employe and agent of the corporation in whatever was done in the way of treating patients, receiving pay therefor, etc. The court at his instance, gave this special charge to the jury: "You are instructed that if you believe from the evidence that the treatment given to Vinnie Spangler was given by the Norwood Institute, a corporation, and not by the defendant, then, in that event, your verdict should be for the defendant and you should say by your verdict not guilty." This special charge is not the law and should not have been given. Even if he was an officer, agent, servant or employe of said corporation and committed the offense charged, even though purporting to act or acting for the corporation, he would be guilty. Oliver v. State, 65 Texas Crim. Rep., 150, 144 S. W. Rep., 604; Gould v. State, 66 Texas Crim. Rep., 122, 146 S. W. Rep., 172.

Mr. Bishop, in his Criminal Law, in section 892, says: "An agent or servant who, knowing the facts, does a criminal thing for his principal or master, is answerable to the criminal law precisely as though he had proceeded self-moved, and for his own personal benefit. And it is the same when with the like knowledge he merely assists therein." Again, in section 685, he says: "The authorities agree that there are in misdemeanor no accessories either in name or in the order of the prosecution." To the same effect is Bush v. State, 6 Texas Crim. App., 421; Taylor v. State, 5 Texas Crim. App., 529.

Mr. Branch in his Texas Criminal Law, section 681, lays down this

rule and cites these cases in support of it: "There is no distinction between principals and accomplices in misdemeanors; a party who would be an accomplice if the offense was a felony is a principal if the offense is a misdemeanor. If defendant comes either within the definition of an accomplice or a principal he is a principal in a misdemeanor. Houston v. State, 13 Texas Crim. App., 595; Caudle v. State, 74 S. W. Rep., 545; Moncla v. State, 70 S. W. Rep., 548; Kaufman v. State, 38 S. W. Rep., 771; Buchanan v. State, 33 S. W. Rep., 339; Beuchert v. State, 37 Texas Crim. Rep., 505, 40 S. W. Rep., 278; Bogle v. State, 42 Texas Crim. Rep., 389, 55 S. W. Rep., 830; Schwulst v. State, 52 Texas Crim. Rep., 426, 108 S. W. Rep., 698; Gerstenkorn v. State, 44 S. W. Rep., 503; McGovern v. State, 49 Texas Crim. Rep., 35, 90 S. W. Rep., 502; Winnard v. State, 30 S. W. Rep., 555; Rape v. State, 34 Texas Crim. Rep., 615, 31 S. W. Rep., 652; Segars v. State, 40 Texas Crim. Rep., 577, 51 S. W. Rep., 211; Reed v. State, 53 Texas Crim. Rep., 4, 108 S. W. Rep., 368; Hawkins v. State, 51 Texas Crim. Rep., 37, 100 S. W. Rep., 956; Lott v. State, 58 Texas Crim. Rep., 604, 127 S. W. Rep., 191." See specially Oliver v. State, supra.

It is unnecessary for us to cite the numerous cases decided by this court construing and applying the statute prescribing this offense. But see Collins v. State, 152 S. W. Rep., 1047, where some of the cases are collated..

We have considered all other of appellant's claimed errors, as assigned, and are of the opinion that none of them, as assigned, present any error.

*Reversed and remanded.*