## Virge McAllister v. The State.

No. 3952. Decided February 16, 1916.

### 1.—Local Option—Evidence—Other Transactions—Date of Sale.

Where the appellant complained that the lower court erred in permitting the main State's witness to testify that prior to the day of the alleged sale he had purchased whisky from appellant, but it appeared from the record that the State's witness had testified to a purchase of whisky from appellant, and the latter on cross-examination developed the fact that said State's witness had received the whisky from appellant's wife, it was permissible for the State to show on redirect examination of the witness that it was customary

for the witness to make purchases of appellant in this way. Following Holland v. State, 51 Texas Crim. Rep., 142, and other cases.

**2.—Same—Misdemeanor—Accomplice—Principals.**

In misdemeanor cases, if one advises another or acts through an agent, whether present or not, or whether acting with those actually engaged in the commission of the offense or not, he is a principal and can be convicted as such, and there was no error in the court's charge that if defendant made a sale of whisky, acting alone or with his wife, he would be guilty. Following Lott v. State, 58 Texas Crim. Rep., 604, and other cases.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Martin & Nelson,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of date of sale: Hamilton v. State, 58 Texas Crim. Rep., 173; Clark v. State, 40 id., 127; Matkins v. State, 58 S. W. Rep., 108; Whitten v. State, 75 Texas Crim. Rep., 225, 170 S. W. Rep., 718.

HARPER, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

The only bill of exceptions in the record complains that the court erred in permitting the State's witness Turner to testify that prior to the day of the alleged sale he had purchased whisky from appellant. The general rule is as contended by appellant, that when the State has proven by its witness a sale to him on the day alleged in the indictment, it can not prove that additional sales had also been made to him on dates prior to that time. But when, as in this case, after the witness had testified to a purchase of whisky from appellant, the defendant on cross-examination developed the fact that the witness had gone to appellant's house and appellant's wife had delivered him the whisky, he subsequently paying appellant for it, it was permissible for the State to show by the witness on redirect examination that it was customary for him to make purchases of appellant in this way. In approving the bill the court states: "The foregoing bill of exceptions, examined and approved with the following explanation and qualifications, towit: The State's witness Turner had testified that on June 13, 1915, he had bought two bottles of whisky from the defendant, that he went down to defendant's house in the morning and defendant's wife delivered one of the bottles to him; that later in the afternoon he went back and got the other bottle; that defendant was not there and did not in person deliver either bottle to him; that he had previously had an agreement with the defendant that he could get whisky at any time and that defendant's wife would make the deliveries; that on the next night, June

14th, witness paid the defendant in person two dollars for the two bottles (pints) that he had gotten on Sunday before; whereupon the court over objection of defendant allowed the State to ask the witness if he previously had gotten other whisky from defendant in the same manner, the court being of opinion that it was legitimate to explain the manner of delivery of the whisky and as showing the system employed by defendant in making sales of whisky and delivery thereof." As thus qualified the bill presents no error. Holland v. State, 51 Texas Crim. Rep., 142; Carnes v. State, 51 Texas Crim. Rep., 437; Fitze v. State, 85 S. W. Rep., 1156; Hollar v. State, 73 S. W. Rep., 961; Gorman v. State, 52 Texas Crim. Rep., 327, 106 S. W. Rep., 384.

This is the only bill of exceptions in the record, and no exceptions were reserved to the charge, and no special charges requested. However, in the motion for a new trial it is contended that the court erred in instructing the jury that if appellant made a sale, acting alone or in connection with his wife, he would be guilty. In misdemeanors all parties connected with a violation either as accomplice or principal to a crime may be prosecuted as a principal offender and convicted as such. As said in Houston v. State, 13 Texas Crim. App., 595: "In misdemeanor cases if one advised another, or acts through an agent, whether present or not, or whether acting with those actually engaged in the commission of the offense or not, he is a principal and can be prosecuted and convicted as such." See also Caudle v. State, 74 S. W. Rep., 545; Moncla v. State, 70 S. W. Rep., 548; Kaufman v. State, 38 S. W. Rep., 771; Beuchert v. State, 37 Texas Crim. Rep., 505; Hawkins v. State, 51 Texas Crim. Rep., 37; Lott v. State, 58 Texas Crim. Rep., 604.

The judgment is affirmed.

*Affirmed.*