McALISTER v. STATE. (No. 3952.)

(Court of Criminal Appeals of Texas. Feb. 16, 1916.)

1. CRIMINAL LAW ⬨372—EVIDENCE OF OTHER OFFENSES—SALES OF LIQUOR.

Witness having testified to purchase of liquor from defendant, and on cross-examination that he had gone to defendant's house, and defendant's wife delivered the liquor to him, and he afterwards paid defendant for it, he may on redirect testify to it having been customary for him to make purchases from defendant this way, as showing defendant's system of making sales and delivery.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 833, 834; Dec. Dig. ⬨372.]

2. CRIMINAL LAW ⬨80—PRINCIPALS—MISDEMEANORS.

In misdemeanors all parties connected either as an accomplice or principal may be prosecuted and convicted as principals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 103–111, 1384; Dec. Dig. ⬨80.]

Appeal from Gregg County Court; J. H. McHaney, Judge.

---

⬨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Virge McAlister was convicted, and appeals. Affirmed.

Martin & Nelson, of Longview, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and 20 days' imprisonment in the county jail.

[1] The only bill of exceptions in the record complains that the court erred in permitting the state's witness Turner to testify that prior to the day of the alleged sale he had purchased whisky from appellant. The general rule is, as contended by appellant, that when the state has proven by its witness a sale to him on the day alleged in the indictment, it cannot prove that additional sales had also been made to him on dates prior to that time. But when, as in this case, after the witness had testified to a purchase of whisky from appellant, the defendant on cross-examination developed the fact that the witness had gone to appellant's house and appellant's wife had delivered him the whisky, he subsequently paying appellant for it, it was permissible for the state to show by the witness on redirect examination that it was customary for him to make purchases of appellant in this way. In approving the bill the court states:

"The foregoing bill of exceptions, examined and approved with the following explanation and qualifications, to wit: The state's witness Turner had testified that on June 13, 1915, he had bought two bottles of whisky from the defendant; that he went down to defendant's house in the morning and defendant's wife delivered one of the bottles to him; that later in the afternoon he went back and got the other bottle; that defendant was not there and did not in person deliver either bottle to him; that he had previously had an agreement with the defendant that he could get whisky at any time and that defendant's wife would make the deliveries; that on the next night, June 14th, witness paid the defendant, in person, $2 for the two bottles (pints) that he had gotten on Sunday before; whereupon the court over objection of defendant allowed the state to ask the witness if he previously had gotten other whisky from defendant in the same manner, the court being of opinion that it was legitimate to explain the manner of delivery of the whisky and as showing the system employed by defendant in making sales of whiskey and delivery thereof."

As thus qualified, the bill presents no error. Holland v. State, 51 Tex. Cr. R. 142, 101 S. W. 1005; Carnes v. State, 51 Tex. Cr. R. 437, 103 S. W. 403; Fitze v. State, 85 S. W. 1156; Hollar v. State, 73 S. W. 962; Gorman v. State, 52 Tex. Cr. R. 327, 106 S. W. 384.

[2] This is the only bill of exceptions in the record, and no exceptions were reserved to the charge, and no special charges requested. However, in the motion for a new trial it is contended that the court erred in instructing the jury that if appellant made a sale, acting alone or in connection with his wife, he would be guilty. In misdemeanors all parties connected with a violation either as accomplice or principal to a crime may be prosecuted as a principal offender and convicted as such. As said in Houston v. State, 13 Tex. App. 599:

"In misdemeanor cases if one advised another, or acts through an agent, whether present or not, or whether acting with those actually engaged in the commission of the offense or not, he is a principal and can be prosecuted and convicted as such."

See, also, Caudle v. State, 74 S. W. 545; Moncla v. State, 70 S. W. 548; Kaufman v. State, 38 S. W. 771; Beuchert v. State, 37 Tex. Cr. R. 505, 40 S. W. 278; Hawkins v. State, 51 Tex. Cr. R. 37, 100 S. W. 956; Lott v. State, 58 Tex. Cr. R. 604, 127 S. W. 191.

The judgment is affirmed.