AUGUST PRINZEL v. THE STATE.

*No. 1250.    Decided December 11th, 1895.*

1. **Selling Intoxicating Liquors and "Medicated Bitters"—License—Occupation Tax.**

Under the Act of 1893, (Penal Code, Art. 411a) it is made an offense to pursue the occupation of selling intoxicating liquors and medicated bitters without license, and to legally sell medicated bitters, a party, unless he is a druggist, must first pay the tax.

2. **Same—Indictment—"Medicated Bitters."**

An indictment, charging the sale of intoxicating liquor, is supported by proof of a sale of so-called medicated bitters, which produced intoxication whenever they had a fair trial—though it did not allege that "medicated bitters" were sold.

3. **Same—Charge—Penalty.**

Under the Act of 1893, (Penal Code, Art. 411a), the punishment for selling intoxicating liquor or medicated bitters, without license, is alternative; that is, by fine or imprisonment in the county jail; and a charge of court which authorizes the infliction of but one of these penalties only, is erroneous.

APPEAL from the County Court of Brazos.    Tried below before Hon. V. B. HUDSON, County Judge.

Appellant was charged by indictment with pursuing the occupation of selling spirituous, vinous and malt liquors, and medicated bitters, without first having obtained a license. He was convicted at his trial, the punishment being assessed at a fine of $450.

The evidence showed that defendant sold "Duncan Bitters," "Ginger and Lemon" and "Lemon and Ginger" in bottles. That these articles were not sold as medicine. That they would produce intoxication if enough of the bitters was drunk. One witness testified, he had "seen people drunk and down on it." The evidence shows that a great many people bought these bitters from defendant; and they seemed to be popular as a beverage.

The charge of the court as to the penalty, was as follows: "Any person who shall engage in the occupation of selling spirituous, vinous or malt liquors or medicated bitters, in quantities less than one gallon, without first obtaining a license therefor, shall be fined in any sum not less than the amount of taxes due, and not more than double the same," and nowhere instructs that they might, in their discretion, imprison the defendant "in the county jail from ten to ninety days."

*Ford & Nall*, and *M. Nagle*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appellant was convicted of the offense of pursuing the occupation of a retail liquor dealer without first obtaining a license therefor. The act of 1893, (Penal Code, Art. 411a), requires those who propose to pursue the selling of spirituous, vinous, or malt liquors, or medicated bitters, to obtain a license. Counsel for appellant contends that it is no offense against the laws of this State to sell medicated bitters without license, because not taxed. Act 1893, p. 178, (Rev. Stat., Art. 5060a), especially provides "that there shall be collected from every firm, * * * association of persons, selling spirituous, vinous or malt liquors, or medicated bitters within this State, an annual tax on each separate establishment. * * *" To sell medicated bitters you must pay a tax, unless sold by a druggist, as prescribed by the same act. It is not pretended that the appellant was a druggist, and, if he had been, his acts would have clearly been in violation of law. The indictment charged that he sold spirituous, vinous liquors, etc. It was not necessary for the indictment to charge that he sold medicated bitters, because the proof shows that that which he did sell was spirituous liquors, producing intoxication whenever it had a fair trial. Because a little red pepper, or lemon, or tincture, or some other stuff, is placed in the whiskey, it does not follow that it is not intoxicating. If it should be held that it was not, those engaged in this business, or a great many of them, would soon know how to doctor their liquors so as to evade the law. Local option was not in force when the Duncan bitters were sold. As stated in the brief of counsel, if these Duncan bitters were simply tinctures and drug compounds, and not intoxicating beverages, their curative properties must have been wonderful, for they seem to have met with a very general and extensive sale, excelling any bitters not producing intoxication we have any knowledge of. The court charged the jury correctly in regard to the penalty, except the imprisonment in the county jail from 10 to 90 days. This was omitted in the charge. The punishment is in the alternative. It is not like a case of petty theft, where imprisonment was a necessary part of the penalty, but it is fatal to this conviction. We cannot tell which is most favorable to the appellant,—the fine imposed, which could not have been less than $450, or the imprisonment, which was not less than 10 nor more than 90 days. If both punishments had been submitted to the jury, they might have imprisoned him, without fine. The law does not provide for him to be fined and imprisoned. It must be a fine alone, or imprisonment only. This punishment is prescribed by the legislature, (Acts 1893, p. 178, ? 6, Penal Code, Art. 411a), and the court has no authority to prescribe any other. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*