## Dave Meyers v. The State.

### No. 1221.   Decided February 24th, 1897.

**1.  Murder—Rearraignment After Change of Venue.**

It is no objection to a judgment in a murder case, that defendant was twice arraigned, once before and once after a change of venue.

**2.  Evidence—Witness Who is Drunk.**

The fact, that a witness was drunk when he testified, does not exclude his testimony, but his condition could be looked to by the jury in passing upon the credit to be given his evidence.

**3.  Evidence—Witness' Opinion as to the Manner of Defendant.**

On a trial for murder where the State had proved by a witness that defendant requested the witness to get deceased and a party with him, who was also shot, to leave the house, and said, if he did not get them to leave there would be hell raised before morning.  Held: It was competent on cross-examination to prove by the witness, "that the manner of defendant was not at all threatening, but was peaceable and quiet; that he thought defendant meant that deceased was likely to cause trouble if he remained there and that defendant was solicitous and anxious to get deceased away in order to keep him from getting into trouble with the women."

**4.  Same—Opinion Evidence.**

Opinion, as far as it consists of a statement of the effect produced upon the mind, becomes primary evidence, and hence admissible whenever a condition of things is such that it cannot be reproduced and made palpable to the jury; in other words, where it is a short-hand rendering of the facts.

Appeal from the District Court of Bell.   Tried below before Hon. W. A. Blackburn.

Appeal from a conviction for murder in the first degree; penalty, a life term in the penitentiary.

Appellant was indicted in the District Court of Milam, for the murder of one W. A. Binkley, by shooting him with a pistol, on the 14th day of January, 1894.

The venue was changed upon application of defendant from the County of Milam to the County of Bell.   Defendant was arraigned in Milam County before the venue was changed, and was afterwards again arraigned when put upon this trial in the District Court of Bell.   The case has heretofore been before this court upon appeal from a refusal of bail on a hearing upon habeas corpus; and the salient facts pertaining to the homicide will be found in the report of that case.   See, Ex Parte Meyers, 33 Tex. Crim. Rep., 204.   It will be seen from the opinion below that the judgment is reversed solely upon error of the court in excluding evidence on cross-examination of the State's witness, Chambers.   The facts, in connection with this matter, are sufficiently stated in the opinion.

*W. M. McGregor, Henderson & Streetman,* and *Harris & Sanders,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was tried and convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life; hence this appeal. The record in this case contains 107 type-written pages, and we have very carefully read the same. Several bills of exception were reserved by appellant. It appears from one of the bills of exception that appellant was arraigned before the venue in the case was changed to Bell County, and again arraigned; and it is the contention of appellant's counsel that this was error. Concede that appellant was twice arraigned; we do not see any error in this for which the judgment should be reversed. The deposition of Jones, one of the parties shot at the same time the deceased, W. A. Binkley, was killed, was introduced in evidence against the defendant. The main objection urged by appellant to the introduction of this deposition was that Jones was physically and mentally incompetent to testify at the coroner's inquest. We are of opinion that he was competent, but that his conduct at the time he gave his testimony could be looked to by the jury in passing upon the credit to be given to his evidence. If a witness be drunk, this fact does not exclude his testimony. The testimony of Jones in this case seems to be very intelligent. A motion for a continuance was made and overruled, and appellant reserved an exception thereto. Upon motion for a new trial the overruling of the motion for continuance was assigned as error. We deem it unnecessary to notice this matter, as the judgment will be reversed upon another ground. However, we believe the continuance should have been granted. The State proved by A. J. Chambers that he was at the house known as the "Blue Goose" (the place where the homicide occurred) on the night of the homicide; that, about a half hour after 1 o'clock a. m., he, in company with Mayberry, Holman, Johnson, and others, left said house; that just before he left he (witness) went out on the gallery of said house, and said Mayberry came out by him, and stood close to him, fixing his horse; and that, while they were so standing, defendant came out on said gallery, and requested said witness, Chambers, to get those two men, W. A. Binkley and H. H. Jones, to leave; said that if he did not get them to leave, there would be hell raised before morning. This evidence was introduced for but one purpose, and that was to show ill feeling by appellant towards deceased. It could be treated by the State for no other purpose than that of a threat against the deceased, and, if the jury so viewed it, it no doubt induced a verdict of murder in the first degree. Defendant proposed to prove by the witness, upon cross-examination, "that the manner of the defendant was not at all threatening, but was peaceable and quiet. I thought defendant meant that Binkley was likely to cause trouble, if he remained there, and that the defendant was solicitous and anxious to get Binkley away, in order to keep him from getting into trouble with the women," etc. The court refused to permit this proof, ruling that this was simply an opinion of the witness, and all that could be proved was what was said

and done by appellant. Appellant reserved his bill of exceptions to this ruling of the court. Was the opinion of the witness admissible? We are of opinion that it was. We do not believe we can add anything to what was said by Doe, judge, in State v. Pike, 49 N. H., 399. The question in that case was whether nonexperts could give their opinion as to the insanity of a party. A majority of the court held that they could not. Doe, judge, dissented. This court holds that a nonexpert can give his opinion as to the sanity of a person. In discussing that question, Doe, judge, refers to an analogous question, and cites a number of cases in support of the principle, upon which to base the right to introduce in evidence the opinion of nonexperts in regard to the question of sanity. The principles therein announced are supported by innumerable authorities, clearly showing the admissibility of the testimony rejected in this case. Hardy v. Merrill, 56 N. H., 227. Upon this subject Mr. Wharton says: "The true line of distinction is this: An inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent to a specification of the facts; but, when the facts are not necessarily involved in the inference (e. g. when the inference may be sustained upon any one of several distinct phases of fact, none of which it necessarily involves), then the facts must be stated. In other words, when the opinion is the mere shorthand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based. Opinion, so far as it consists of a statement of an effect produced on the mind, becomes primary evidence; and hence admissible, whenever a condition of things is such that it cannot be reproduced and made palpable in the concrete to the jury. Eminently is this the case with regard to noises and smells; to questions of identification, where a witness is allowed to speak as to his opinion or belief; and to the question whether a party believed himself at the time 'to be in great danger of death. This is also the case as to matters with which the witness is specially acquainted, but which cannot be specifically described. Thus, a witness has been permitted to testify that certain parties were attached to each other; that a grasp by one person of another was friendly; that a culvert was 'steep right down—a culvert that I thought a dangerous place'; that an engine was running at an estimated speed; that a third person was sick or disabled; that the defendant or the deceased, in cases of homicide) was of fierce temper and great strength; that a particular wagon made certain tracks, which were in question; that a horse appeared unwell or unsound, or was or was not diseased; that a cow was in good condition; that a dog had a bad temper; that certain pictures were good likenesses; that the witness did all in his power to effect a particular result; that certain hairs on a club appeared to the naked eye human, and to resemble the hair of the deceased; that a certain substance was 'hard-pan'; that certain distances or weights were to be estimated in a particular way; that certain persons were insane or drunk, or otherwise; that certain obviously dangerous wounds caused death;

that a liquor looked like whiskey; that a color was of a certain hue; that a certain person 'acted as if she felt very sad'; that a certain person 'appeared to be in fear'; that, on being held, to answer, he 'looked as if he felt badly'; that the appearance of a blood stain indicated the spurt came from below, though the witness had never experimented with blood or other fluid in this relation." See, Whart. Crim. Ev. (9th Ed.) §§ 458-461. In a number of cases we have followed the principles announced by Mr. Wharton. See, Cooper v. State, 23 Texas, 331; Powers v. State, 23 Tex. Crim. App., 42; Dill v. State, 6 Tex. Crim. App., 113; Allen v. State, 8 Tex. Crim. App., 67; Hardin v. State, Id., 658; Richardson v. State, 7 Tex. Crim. App., 486. For the reason above indicated the judgment is reversed and the cause remanded.

*Reversed and Remanded.*

HENDERSON, Judge, does not sit.

[NOTE.—The motion for rehearing filed on behalf of the State by the Assistant Attorney-General was overruled without a written opinion.— Reporter.]