## STEVE ROACH v. THE STATE.

### No. 3044. Decided January 11, 1905.

**1.—Local Option—Continuance—Want of Diligence.**

Where the absent witness was beyond the jurisdiction of the court and no effort was made to procure his depositions, and the testimony of absent witnesses was of an impeaching character, and the motion was a second application, the testimony being cummulative besides, there was no error in overruling the application for continuance.

**2.—Same—Extraneous Crimes—System—Evidence.**

Where the other transactions, on a trial for a violation of the local option law, were introduced in evidence to show appellant's system in the sale of intoxicating liquor, they were admissible.

**3.—Same—Evidence—Sale.**

Where the evidence showed that appellant lived in the country, and that prosecutor called at his house on the occasion of the alleged offense, and asked him if there was anything around or about, to which appellant replied, "May be so; look and see;" that on going round the house, prosecutor went to the smokehouse, opened the door, found whisky, got a half gallon, and left $1.50 on the floor near the door, but did not know whether appellant got the money, and the other transactions were of similar character. Held that the testimony was admissible to prove a sale.

**4.—Same—Charge of Court—Implied Sale.**

Where the court charged that it was not necessary that both parties to the sale should be actually present at the time the sale was made, but assented, and the record showed that there was no positive testimony of an agreement to the sale, but this was established by circumstances raising an implied sale that both parties were present at the inception of the transaction, and that appellant evidently suggested the course prosecutor should pursue in obtaining the whisky, and the court charged on circumstantial evidence, there was no error.

**5.—Same—Charge of Court—Requested Charges.**

Where the court charged on every phase of the case, no necessity existed for giving requested charges although they announced a correct rule of law.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted in the County Court of Grayson County of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

He insists that the court committed an error in overruling his motion for continuance. We have examined the same, and, in our opinion, there appears to have been a lack of diligence. As to the witness Hipp, he was beyond the jurisdiction of the court: being in the Indian Terri-

tory, and no effort was made to procure his deposition. This was the second application for continuance, and the testimony of the absent witness appears to ·be of an impeaching character. This does not ordinarily afford a ground for a continuance. Besides, the testimony was cumulative, appellant having introduced two other witnesses on the same point.

Appellant objected to the introduction of evidence of other offense, claiming the same were in no wise connected with the offense on trial, but related to violations of the local option law on other and different occasions. It will be seen that the other transactions were introduced in order to show appellant's system in the sale of liquor. The testimony here shows that appellant lived in the country, and that prosecutor (who was a neighbor) called at his house on the occasion of the alleged offense, and asked him if there was anything around, or anything about. To which appellant replied, "Maybe so; look and see." That he then went around the house to appellant's smokehouse, which was east of his residence and separate therefrom some ten or twelve feet (appellant in the meantime having gone into his residence) ; that he found the smokehouse door closed, but not locked. He opened it, and there found a bottle of whisky and a rubber hose, with which to draw the same, lying across the barrel, and a jug; that he drew a half gallon of whisky, and left $1.50 on the floor, near the wall, on the left hand side of the door; that appellant was not present at the transaction, and did not know whether he got the money or not. On the trial, appellant's contest appears to be that he did not make any sale; that he did not receive any money for said whisky; and that the evidence failed to connect him with the transaction as a seller. The other transactions objected to were conducted in a similar manner; and we hold, in accordance with the authorities, that this character of testimony was admissible. Efird v. State, 6 Texas Ct. Rep., 637; Hollar v. State, 7 Texas Ct. Rep., 552.

The charge of the court is criticised in the definition of sale, and the application thereof to the state of facts proven. We have examined the charge, and believe that it was a proper and correct charge on the subject. Appellant especially objected to that portion of the charge which instructed the jury that it was not necessary that both parties to the sale should be actually present at the time the sale was made, but it is necessary that both parties assent thereto. The objection is based on the ground that there was no evidence warranting such a charge; no testimony showing that any pre-arrangement existed between the parties. The record shows that there was no positive testimony of an agreement to the sale, but this was established by circumstances and raised an implied sale. Both parties were present at the inception of the transaction; and appellant evidently suggested the course prosecutor should pursue in obtaining the whisky. The charge given is not only liberally in favor of appellant, but the court in addition gave a full charge on circumstantial evidence. We think the court's

charge is a fair exposition of the law of the case in all its phases, and the charges requested by appellant were not required; even if it be conceded that any of them announce a correct rule of law. There being no error in the record, the judgment is affirmed.

*Affirmed.*