PERRY MITCHELL V. THE STATE.

No. 2587. Decided June 25, 1913.

Rehearing denied October 22, 1913.

**1.—Local Option—Charge of Court—Alibi.**

Where, upon trial of a violation of the local option law, the evidence did not raise the issue of an alibi, but defendant denied making the sale testified

to by State's witnesses, and the issue was sharply drawn whether there was a sale made, it was error to submit the law of alibi.

**2.—Same—Limiting Testimony—Charge of Court.**

Where the State was permitted to introduce testimony as to other sales in a trial of a violation of the local option law, and such testimony was not limited by the court's charge, the same was error. Harper, Judge, and Prendergast Judge, dissenting.

**3.—Same—Alibi—Sale—Charge of Court.**

Where the charge of the court on alibi was assuming an issue in the case, which was not raised by the evidence, and the case turned around the question whether a sale had been made, the same was reversible error.

Appeal from the District Court of Potter. Tried below before the Hon. Jas. N. Browning.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Synnott & Fish,* for appellant.

*C. E. Lane,* Assistant Attorney-General, and *H. S. Bishop,* District Attorney, for the State.—On question limiting testimony: Stewart v. State, 153 S. W. Rep., 1150.

DAVIDSON, PRESIDING JUDGE.—The indictment charges appellant with selling intoxicating liquors in violation of the local option law, alleged to be beer.

The State's case depended upon the testimony mainly of a witness named Bonney, who testified that he bought two bottles of beer from appellant. He says this occurred in what was known as the Panhandle or Willis hotel about the 29th of May, 1912. That he got the beer out of a barrel, but being questioned a little closer he says he got the bottles cut of a tub where it had been placed on ice in the northwest corner of the hotel upstairs. The witness did not know who was running the hotel at the time. He also testified that he made another purchase, which was whisky. It occurs from his testimony this was a different transaction about which appellant was being prosecuted, and he was also in that case a witness against appellant. He says his testimony will come in that case against appellant. He says: "I have a whisky case, too, after this." There is a great deal of testimony from this witness as to where he lived, his detective work, etc., which we deem unnecessary to notice. He states, among other things, there was another witness present at the time of this transaction, but this witness was not produced at the trial. The State introduced the sheriff of the county, who testified that a few days after this transaction,—perhaps about the 2nd of June, he went to arrest defendant and saw quite a lot of beer bottles, some of them having foam in them which he thought indicated they had been freshly used, that is, the beer had recently been emptied

from them.   He also testified to seeing a few bottles of beer in a bucket in some ice in a room in the hotel, other than that indicated by the witness Bonney.   The sheriff found nothing in the room indicated by Bonney.   The defendant testified that he had rented the hotel, and had spent two days, 29th and 30th of May, cleaning the hotel for the purpose of moving in and occupying it, which he did about the 1st of June. He denied in toto the sale testified by Bonney, stating that no such matters had occurred.   On cross-examination the State proved that appellant had been indicted for other offenses.

Submitting the cause to the jury the court informed them that the law declared that if any person should sell any intoxicating liquor in any subdivision of a county, in which the sale of intoxicating liquors has been prohibited under the laws of this State, he shall be punished by confinement in the penitentiary not less than one nor more than three years.   Applying the law to the case he instructed them that if they believed that on or about the 29th day of May, 1912, or at any time between the 16th day of November, 1911, and the 16th day of July, 1912, appellant did then and there unlawfully sell intoxicating liquors, towit, beer, to I. T. Bonney, as charged in the indictment, then they would find the defendant guilty.   The court then charged upon the issue of alibi.   Various objections were urged to the court's charge, among others, that the court erred in submitting the doctrine of alibi. We are of opinion that that question was not raised by the evidence and it assumed a fact against defendant which was detrimental.   Appellant denied making the sale and it was a square issue between the defendant and the State witness Bonney as to whether such sale occurred.   The issue was not whether he was present or absent so much as it was the fact that the sale was made.   Of course, if appellant was not present there was no sale.   The State's case was that he made the sale.   The defendant's evidence is that he did not make the sale.   There is no question that anybody else could have made the sale except the defendant, so far as the State is concerned.   Bonney fixed the defendant and the defendant only as being the seller.   The issue then was sharply drawn whether there was a sale made or not,—not that the defendant was not present, but that there was no sale made.   The charge assumes the sale was made and the defendant was setting up an alibi at the time to leave the impression that while a sale might have occurred between Bonney and somebody else, it was not between Bonney and himself.   To put the case in this attitude before the jury was submitting a false issue and one not raised by the State or defendant.   The issue was whether it was a sale or not.   It is not conceded by appellant that there was a sale made and he did not participate in it; nor did the State contend that a sale was made by anyone else.   The court turned the charge to the jury upon a false issue and it was certainly detrimental to the defendant.   Under the alibi theory a sale could have been made to Bonney and defendant not present or participating in it, but under the testimony of Bonney this could not have occurred.   Defendant denied absolutely making any sale.

The court permitted the witness Bonney to testify to another sale made by defendant to himself otherwise than the beer in question, which was denied also by the defendant. He also permitted the witness Burwell to testify that two or three days after the alleged transaction that he was at appellant's house and at which time he arrested him he found some whisky and a barrel of empty beer bottles, and from some of them he thought beer had been recently emptied or drank, because there was foam in the bottles, and also that he found some beer in a bucket with some ice. Complaint is made the court did not limit the effect of this testimony and instruct the jury for what purpose he admitted this testimony, the contention being that it was not admissible under the circumstances of the case, because it was a square issue as to whether or not there was a sale made as affirmed by the witness Bonney and denied by appellant, the other witness whom Bonney said was present not being produced at the trial. This being the attitude of the testimony, it was not permissible to use this sort of testimony, but if it was, then it should have been limited for the purpose for which it was introduced, and the jury instructed they could not convict in any of those transactions. It is sometimes the case where the court may admit testimony of this sort, but that rule does not obtain in a case where the issue is drawn sharply as to a sale vel non. This testimony having been admitted, the court should have limited it and instructed the jury they could not use any of this testimony as a basis for conviction. Where it is intended to show system or develop res gestae and the court admits such testimony for that purpose, it should be so limited. The State has made its case if the jury should believe the witness, by positive evidence of a sale. The defendant had proved by equally positive evidence that the sale did not occur. Appellant was not charged with pursuing the business of selling intoxicants; he was simply charged with making one sale. We are of opinion as this record shows these matters, this was error, and for the reasons indicated the judgment ought to be reversed, and it is accordingly so ordered. My brethren are of opinion the evidence of Burwell is admissible under Myers v. State, 52 Texas Crim. Rep., 558, and cases following that case, and testimony need not be limited in the charge of the court. See Wagner v. State, 53 Texas Crim. Rep., 306.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

### ON REHEARING.

October 22, 1913.

DAVIDSON, Judge.—The State has filed a motion for rehearing, alleging error in reversal of the judgment because, first, the court erred in permitting evidence to be introduced showing the sale of other liquors than that charged in the indictment; second, by failing to give a charge limiting said testimony, and, third, by charging on alibi. The writer does not exactly understand this motion. There is nothing

to indicate in the opinion the judgment was reversed because of the introduction of evidence. There was no bill of exceptions. There is an expression in the opinion, in substance, that the writer does not believe certain testimony ought to have been introduced, but it was not reversed upon that ground, because no exception was taken, and in that connection stated that the testimony ought to have been limited. It was in regard to other sales. It is unnecessary to discuss that matter, but the opinion of the majority did not agree with the writer on that proposition. While in writing the opinion the name of Burwell was mentioned in regard to limiting his evidence, yet the evidence of the other witness was of the same import, and, of course, would be governed by the opinion of the majority in regard to that matter.

In regard to the other proposition, that is, that the trial court erred in charging on alibi, we are still of opinion there was no error in reversing on that question. There was no evidence showing an alibi either by the appellant or by the State, and the court turned the case upon a false issue when he instructed the jury in regard to alibi. Appellant denied the sale absolutely. The witness Bonney for the State testified to it positively. The sale could not have been made by appellant if he was not there. He did not raise any question of his absence. Bonney swore positively that he bought the intoxicating liquor from him. Appellant simply denied the transaction in toto. This was assuming an issue in the case which assumed the sale was made and the appellant absent. Appellant did not deny his absence but denied the sale. The opinion of the court in reversing the judgment on the alibi proposition is correct. Upon another trial, under the views of the majority of the court, the admission of the testimony of the two witnesses Bonney and Burwell would not be error.

The motion for rehearing is overruled.

*Overruled.*