### FRANK ROSS v. THE STATE.

#### No. 2939.    Decided January 28, 1914.

**1.—Local Option—Evidence—Agency—Rebuttal.**

Where, upon trial of a violation of the local option law, defendant denied that he sold whisky to a third party who was recalled and testified that he did purchase whisky from defendant prior to the occasion alleged in the indictment, there was no error, the defendant making the defense of agency only and admitting that he received the money from the prosecuting witness and delivered it to him.

**2.—Same—Evidence—Moral Turpitude.**

Upon trial of a violation of the local option law there was no error in admitting in evidence indictments for felony pending against the defendant.

**3.—Same—Argument of Counsel.**

In the absence of a requested charge to the argument of State's counsel, which did not present reversible error in itself, there was no error.

**4.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of the local option law, the evidence was sufficient to sustain the conviction, there was no error.

Appeal from the County Court of Montague. Tried below before the Hon. Levi Walker.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*W. S. Jameson* and *Lattimore, Cummings, Doyle & Bouldin,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted for making a sale of intoxicating liquor in territory where prohibition was in force to Bruce Sloan.

That prohibition was in force in Montague County is a fact admitted in the record. Bruce Sloan testified: "I am acquainted with Frank

Ross (points out the defendant). I saw the defendant in Bowie on the 15th day of November, 1910, and asked him for some whisky, and got two bottles of whisky from him; and gave him two dollars ($2) for the same. This was in Montague County, Texas, on or about November 15, 1910. I gave him the money, the two dollars, and he went off and was gone ten or fifteen minutes, and came back with the two bottles of whisky, which he turned over to me. Being asked, did not the defendant tell you that he did not have any whisky; but would try to get some; said I do not remember, he might have said that. We had some conversation, but what was said I could not say. Being asked did not the defendant tell you he had no whisky. A. He might have said so, there was some conversation between us. It has been so long I do not remember what it was. He took the money and was gone a while, and I waited there in a room close to the Burns Hotel, where I gave him the money, until he came back with the whisky. I gave him the money before he went off and brought me the whisky back. He took the money with him. He went back towards the Jackson wagon yard, which is back of the Burns Hotel. The Jackson wagon yard had a gate open in the west and one on the east, and has an alley running on the north side between it and the Pat Smith wagon yard."

The only other witness who testified in the case was appellant, and he testified: "I remember letting Bruce Sloan have the two bottles of whisky on the 15th of November, 1910, as testified to by him. He come to me there in Bowie and said he wanted to buy some whisky. I told him I did not have any whisky. He asked me if I knew where he could get it. I told him there was a man there I thought with some whisky. He asked me to see if I could get it for him. I told him I would try. He gave me two dollars. I took the money, and went out through the Jackson wagon yard into the Pat Smith wagon yard and bought two bottles of whisky from a man by the name of Moore."

On cross-examination he was asked how many local option felony cases had been filed against him, and he said several. That he had been tried for pursuing the occupation and acquitted. He was also asked if he had not prior to the occasion alleged in this indictment sold whisky to Bruce Sloan, and he said he had not. Bruce Sloan was then recalled and testified that he had purchased whisky from appellant prior to the occasion alleged in the indictment. To the testimony of Bruce Sloan, in rebuttal, that he had purchased whisky from appellant on a prior occasion, appellant objected, and cites us to the cases of Mitchell v. State, 159 S. W. Rep., 1073, and Gaines v. State, 63 Texas Crim. Rep., 73, 138 S. W. Rep., 387. In the Gaines case cited the appellant denied making the sale, and denied the prosecuting witness received any liquor from him. He did not admit delivering the liquor and receiving the money, and contended that he had procured it from another as agent of the prosecuting witness. There was no question of agency—it was simply a question of sale or no sale. However, in the case of Mitchell v. State, 159 S. W. Rep., 1073, cited, the question in that case was whether or

not Mitchell acted as agent of the prosecuting witness, and we held that testimony as to other sales was admissible on the issue of agency, it being specifically held in that case that as the testimony raised the issue of agency, the testimony of the prosecuting witness, Bonney, as to other sales made to him was admissible on this issue. And in the case of Nobles v. State, 71 Texas Crim. Rep., 121, 158 S. W. Rep., 1133, this court specifically held as follows:

"Another contention by appellant is that the court should not have permitted the State to prove by other witnesses, over his objection, which was done, that the appellant in June, 1912, and in August prior to August 10, 1912, made to the several witnesses who so testified other and separate sales of intoxicating liquor to such witness, claiming that such evidence did not tend to develop the res gestae, or establish system, or to connect the appellant with the alleged sale to Scott, and that the sale in June to one of the witnesses was too remote. He cites several cases to the effect that where the sole question in the case was whether or not a particular sale had been made, and the question at issue was solely whether or not this particular sale had been made, other and distinct sales were not admissible. As said by this court in the recent case of James v. State, 63 Texas Crim. Rep., 75, 138 S. W. Rep., 615, 'It is well settled, where the sale has been made out positively and clearly, that the introduction of other sales is not permissible as evidence to go to the jury. But it is also well settled that there are exceptions to this general rule, and if the evidence tends to develop res gestae, or show the intent or connect the defendant with the offense for which he is being tried, or it is intended to show system, where system becomes a part of the case, it may be pertinent.' This latter rule is well established, and has in many cases been held in prosecutions for violating the prohibition law. See Prinzel v. State, 35 Texas Crim. Rep., 274, 33 S. W. Rep., 350; Bennett v. State, 50 S. W. Rep., 945; Young v. State, 66 S. W. Rep., 567; Skipwith v. State, 68 S. W., 278; Holland v. State, 51 Texas Crim. Rep., 142, 101 S. W. Rep., 1005; Effird v. State, 44 Texas Crim. Rep.; 447, 71 S. W. Rep., 957; Hollar v. State, 73 S. W. Rep., 961; Roach v. State, 47 Texas Crim. Rep., 500, 84 S. W. Rep., 586; Gorman v. State, 52 Texas Crim. Rep., 327, 106 S. W. Rep., 384; Bruce v. State, 39 S. W. Rep., 683; Meyers v. State, 37 Texas Crim. Rep., 208, 39 S. W. Rep., 111. It is unnecessary to cite other cases.

"As shown above, appellant contested, most vigorously, the fact that he had made any sale to said Scott, as alleged in the indictment. He contended that it was not a sale, but that he acted solely as the agent of Scott in procuring and delivering to him the liquor charged to have been a sale in this case. So that unquestionably this evidence of other sales by appellant to these several witnesses was pertinent and admissible."

As the appellant in this case admitted he received the money from the prosecuting witness and delivered the whisky to him, and made the

defense of agency only, this testimony was admissible on that issue, and the court did not err in so holding.

Under all the decisions of this court it was admissible to show that there were indictments pending against appellant for violating the local option law in those counties where the offense is a felony, for the purpose of affecting his credit as a witness.

There are two complaints as to the remarks of the county attorney in his address to the jury. No charge was requested in regard thereto, and under such circumstances the remarks are not of that character to present reversible error.

The evidence is amply sufficient to support the conviction as shown by the testimony hereinbefore copied, and the judgment is affirmed.

*Affirmed.*