COOK v. DAVIS, County Clerk, et al.
(No. 9384.)

Court of Civil Appeals of Texas. Galveston. Nov. 27, 1929.

W. A. Cook, of Groveton, in pro. per.

GRAVES, J. Appellant sued appellee Davis, county clerk of Trinity county, and the other appellees who were his official bondsmen as such, for damages for false imprisonment alleged to have followed from the clerk's issuance, on August 8, 1923, of a capias pro fine upon a criminal judgment against appellant from the county court of Trinity county, Tex., numbered upon the docket thereof 1429, and styled State of Texas v. W. A. Cook.

It was alleged that this criminal judgment showed upon its face that it was null and void, in that it had been rendered one day after the adjournment of the term of the county court of Trinity county, that is, on the 23d day of July, 1922, when the term of court ended July 22, 1922; wherefore the pretended judgment conclusively appeared to have been entered during the court's vacation. There were further averments to the effect that appellant had advised the county clerk, both before and after the issuance of the

capias pro fine by him, of these alleged facts making the judgment on which it rested invalid, and that notwithstanding he wrongfully issued the writ which resulted in his imprisonment and consequent damages in a stated sum.

The appellees answered with many demurrers which the record shows no action upon, and denied generally and specially that any wrong had been done the appellant, setting up all the proceedings in the criminal charge referred to, averring their regularity and validity in all respects in that they had all been duly entered during the then current term of the court which pronounced the judgment, and asserted that the county clerk had merely followed the law as he was bound in duty to do and had issued the challenged writ in all respects as was provided by law and had delivered the same on the date of its issuance to the proper officers for execution, which had ended his connection with the matter.

The learned trial judge submitted the cause to a jury on several special issues, with declaration that none of the others need be answered, should the jury answer "before" to special issue No. 1, which was as follows: "When was the judgment against the plaintiff in County Court of Trinity County entered in the Criminal Minutes of said County Court, before or after the adjournment of the July Term, 1922, of said Court? Let your answer be 'before' or 'after,' as you may determine and state in your answer to this, Special Issue Number One?"

The jury having answered "before" to this issue, judgment was duly entered on the verrict that appellant take nothing by his suit, and this appeal challenges that action.

No statement of facts has come up with the record and no brief for the appellees has been presented.

Appellant assails the judgment upon a single assignment of error submitted as a proposition, which is as follows: "The verdict of the jury and the judgment of the Court is contrary to the law and the evidence; no legal defense for the false imprisonment was presented by defendants. The pretended criminal judgment against the plaintiff showed upon its face to have been issued in vacation of County Court and the capias pro fine issued thereunder by defendant Davis was issued contrary to law, and he and his bondsmen should respond in damages for all injuries resulting therefrom."

This assignment is supported by only one bill of exceptions, which sets out in full the criminal judgment thus challenged in the assignment, No. 1429 in the county court of Trinity county, Tex., styled State of Texas v. W. A. Cook, but its terms do not show, as charged, that it was entered during the vacation of that court, nor any invalidity or irregularity; the contrary appearing therefrom. It is true that appended to the copy of the judgment there appears this recitation signed by the county judge, with attestation by the county clerk, with reference to when the minutes for that term of the county court of Trinity county were approved and signed: "The foregoing minutes, from page ——— to page ——— hereof, inclusive, read, approved and signed in open court this the 23rd day of July, A. D. 1922."

As indicated, however, this has no reference to when the judgment itself was rendered or entered on the minutes, which otherwise conclusively appears of record to have been during term time, but merely recites the signing and closing of the minutes for the term on the date so specified; while Rev. St. 1925, art. 1918, requires the minutes for the session of court to be read, corrected, and signed by the judge in open court on the last day thereof, our courts have held that his failure to do so does not invalidate judgments rendered during the term. Cannon v. Hemphill, 7 Tex. 184, Jordan v. State, 37 Tex. Cr. R. 224, 38 S. W. 780, 39 S. W. 111.

This is all there is in the case. But if it could be said that an issue of fact was raised as to whether or not the criminal judgment had been rendered and entered during term time, the verdict of the jury settled that question adversely to appellant on what this court must assume, in the absence of a statement of facts, was sufficient evidence; indeed, the trial judge in this cause, by way of explanation and qualification of the single bill of exceptions supporting this appeal recites, among other things so indicating, that testimony to the effect that the criminal judgment against appellant had been actually entered upon the minutes of the court pronouncing it on July 22, 1922, was herein received from the judge presiding over that trial, the clerk of the court, and the attorney representing the state therein.

It follows that the judgment of the court below should be affirmed; that order will be entered.

Affirmed.