G. H. HULSEY V. THE STATE.

No. 23468. Delivered November 27, 1946.

592

The opinion states the case.

*Truett Smith,* of Tahoka, and *Thomas & Thomas,* of Big Spring, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of unlawfully selling whisky in a dry area, following two prior convictions for like offenses, and his punishment assessed at a fine of $2,000.00 and confinement in the county jail for a period of one year.

The complaint and information alleged, in substance, that on about the 4th day of September A. D. 1945, appellant, in Dawson County, a dry area, sold a quart of whiskey to one Elvis Oles. It further alleged two prior convictions for offenses of like character.

Appellant brings forward quite a number of complaints but in view of the disposition which we are making of this case, it will not be necessary to discuss each of them in detail.

It appears from the record that the court in his charge instructed the jury (in the event they found the defendant guilty of the primary offense and found, also, the prior convictions) as follows:

"7. If you further believe from the evidence, beyond a reasonable doubt, that the defendant, G. H. Hulsey, was convicted of the same offense, or one of like nature or character, as alleged in the Complaint and Information, and further find beyond a reasonable doubt the defendant guilty of the unlawful sale of whisky to Elvis Oles, on or about September 4th, 1945, you are charged that the punishment is a fine of not less than Two Hundred Dollars nor more than Two Thousand Dollars, and imprisonment in the County Jail not more than two years, or by both such fine and imprisonment."

"8. If you further find beyond a reasonable doubt that the defendant, G. H. Hulsey, has been twice before convicted of an offense of like nature or character, as alleged in the Complaint and Information, and you further find beyond a reasonable doubt the defendant guilty of the unlawful sale of whiskey to Elvis Oles, on or about September 4, 1945, you are charged that the punishment is by a fine of not less than $400.00, nor more than Four Thousand Dollars and imprisonment in the County Jail for not more than four years, or by both such fine and imprisonment."

To both of said paragraphs of the court's charge, appellant in due time objected on the ground that the charge, as it relates to the punishment to be assessed, is in the conjunctive and requires the jury to assess his punishment by both a monetary fine and by confinement in jail, when under the law, the jury— in their discretion—could have merely assessed a fine or jail penalty—thus depriving him of the legal right to permit the jury to exercise their discretion in the matter, as provided by Art. 666-41, Vernon's Ann. P. C., Vol. 1, (1946 Cumulative Annual Pocket Part), which reads as follows:

"Any person who violates any provision of this Act for which a specific penalty is not provided shall be deemed guilty of a misdemeanor and upon conviction be punished by fine of not less than One Hundred ($100.00) Dollars and not more than One Thousand ($1,000.00) Dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment."

"The term 'specific penalty' as used in this Section means and refers only to a penalty which might be imposed as a result of a criminal prosecution."

These paragraphs of the court's charge herein first quoted are, to say the least, contradictory of his instruction as it relates to the punishment for the primary offense and tended to confuse the jury, and did confuse them, because they came into open court and, through their foreman, asked for an explanation of said charge. Thereupon, the court orally instructed the jury that the lowest punishment they could inflict was $100.00— to which appellant, in due time, objected. The oral instruction instead of clarifying the charge rather intensified the error in the written charge, as it added more confusion to the already confused instruction. In support of the opinion here expressed, see Blackwell v. State, 30 Tex. Cr. App. 416, and Prinzel v. State, 35 Tex. Cr. R. 274.

594

We do not deem it necessary to discuss the various bills of exception, nor to attempt to decide the controversy between the court and the attorney for appellant as the same relates to the bills. It is regrettable that such differences should arise and be brought to this court for determination.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.